■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BILLIE ANTHONY BYRAMS, Appellant.— Judgment of the County Court, Suffolk County, rendered December 19, 1968, affirmed. Appellant stands convicted of burglary in the third degree and petit larceny. The only matter of concern is the trial court's denial of his requests for (1) a copy of the minutes of a prosecution witness' Grand Jury testimony and (2) examination of pertinent portions of a memo book belonging to the same witness, a police officer. It appears that appellant is indigent, having had assigned counsel, and would therefore have been entitled to a free copy of the Grand Jury minutes had a specific request therefor been properly made (People v. Jaglom, 17 N Y 2d 162). It also appears that the request for examination of the memo book was first made upon trial, counsel having failed to subpoena it prior thereto in accordance with

sections 610-b and 613 of the Code of Criminal Procedure. Since it is clear any error in denying these requests might be disregarded as harmless after examination of these minutes and the book (see, e.g., *People* v. *Hernandez*, 10 N Y 2d 774), on our own motion we directed the District Attorney to make the minutes and book available to appellate counsel and requested that the latter advise us of any view he or trial counsel might have as to whether the withholding thereof was prejudicial to appellant (see *People* v. *Hawa*, 15 A D 2d 740, affd. 13 N Y 2d 718). We thereafter received a communication from appellate counsel indicating that both he and trial counsel believe withholding of the minutes and book was prejudicial to appellant in depriving him of grounds for cross-examination. However, we have also examined copies of the minutes and book and find nothing therein to support counsel's conclusory assertion of prejudice. In light of the overwhelming evidence of appellant's guilt and the absence of any inconsistency whatsoever between the memo book notations, the Grand Jury testimony and the testimony upon trial, we conclude that the trial court did not commit prejudicial error. Production of the minutes and book would have availed appellant nothing as respects a challenge to the subject witness' credibility. Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.