■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v ANTHONY CONSOLAZIO, Respondent-Appellant.—Cross appeals as follows: (1) The People appeal from (a) two trial orders of dismissal made orally in the County Court, Nassau County, on October 16, 1973 and October 17, 1973, respectively, which dismissed 41 counts of the indictment, and (b) a written trial order of dismissal made by the same court and entered on January 10, 1975, dismissing said counts; and (2) defendant appeals from a judgment of the same court, rendered January 7, 1974, convicting him of grand larceny in the second degree (five counts) and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Trial orders of dismissal modified, on the law, by deleting therefrom the enumeration of counts dismissed except Counts 1 and 27 and motions for a trial order of dismissal denied except as to said two counts. As so modified, orders affirmed and new trial ordered as to the counts which are hereby thus reinstated and further proceedings not inconsistent herewith are directed, including proceedings pursuant to CPL 460.50 (subd. 5). Defendant was indicted and charged with 57 counts of grand larceny in the second and third degrees, committed as part of a common plan or scheme. During the trial, one count was severed and nine were dismissed on consent. At the close of the People's case, trial orders of dismissal were granted as to 41 counts. With the exception of Count 1 (a general count naming all persons from whom defendant was accused of wrongfully taking money) and Count 27 (pertaining to a man to whom defendant made no representations), the orders of dismissal were improperly granted. In our opinion, there was legally sufficient evidence to support the other 39 counts under a theory of larceny by false pretenses or larceny by false promises (Penal Law, § 155.05, subd. 2, pars. [a], [d]; *People v Sabella,* 35 NY2d 158, 167). The prosecutor, during the course of the trial, denied that he had any prior statements of the complaining witnesses. It later appeared that he possessed question and answer sheets which had been filled in by a detective or an Assistant District Attorney. Prior to the new trial, a hearing should be held to determine the circumstances under which those documents were prepared and whether they should be given to defense counsel for the purpose of cross-examination *(People v Horton,* 19 AD2d 80). We have examined the documents as they relate to those counts of which defendant stands convicted and conclude that, even assuming that they should have been made available to him, no prejudice resulted from the failure to so make them available *(People v Byrams,* 34 AD2d 556). Rabin, Acting P. J., Hopkins, Martuscello, Cohalan and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GERALD HOMMEL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered March 28, 1974, convicting him of criminally negligent homicide (two counts), operating a motor vehicle while intoxicated, and passing a stop sign, upon a jury verdict, and imposing sentence. Judgment affirmed. We do not approve the practice of a Trial Judge, in charging a jury, of referring to a case with similar facts, with the implication that the decision therein governs the case then before the jury. Under the circumstances in this case, however, we do not consider the reference made in the charge under review to be reversible error. Rabin, Acting P. J., Hopkins, Martuscello, Cohalan and Christ, JJ., concur.